**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**


**TOMMY M ARDOIN JR**                                            **CASE NO.  2:22-CV-04142**

**VERSUS**                                                                   **JUDGE JAMES D. CAIN, JR.**

**CERTAIN UNDERWRITERS AT LLOYDS    MAGISTRATE JUDGE KAY**
**LONDON SUBS**

**MEMORANDUM RULING**

Before the Court is "Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Insufficient Service of Process" (Doc. 5) filed by Defendants, Certain Underwriters at Lloyd's, London, Subscribing to certificate Number LD606857-01, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5). Defendants move to dismiss this lawsuit for lack of subject matter jurisdiction and insufficient service of process.

Specifically, Defendants maintain that the Court does not have subject matter jurisdiction because the amount in controversy will not exceed $75,000 for each of the 5 policy Defendants, and/or for insufficient service of process because Defendants were not served within 90 days of filing suit, as required by Rule 4(m) of the Federal Rules of Civil Procedure.

As of this date, Plaintiffs have not filed an opposition to the motion, and the time for doing so have now lapsed.

## INTRODUCTION

Plaintiff owns property in Jennings, Louisiana that was allegedly damaged by Hurricane Delta.[1] During the relevant time period, Plaintiff's property was insured by Certain Underwriters at Lloyd's, London, Subscribing to Certificate Number LD606857-01 (hereinafter referred to as "Lloyds"). Lloyds is a foreign insurance syndicate organized under the laws of the United Kingdom.

Lloyd's of London is not an insurer. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010). Rather, it is an international insurance market in London, England, that provides the infrastructure for entities to insure a portion of a risk, rather than insuring the entire risk itself. These entities are called "members" or "names." Each member subscribes to a portion of a policy through administrative entities called "syndicates." Multiple members can subscribe to a policy through a single syndicate. Further, multiple syndicates' members may subscribe to a single policy. *Id.* Given that multiple members can insure a risk, the members are often identified in lawsuits as "Certain Underwriters at Lloyd's, London Subscribing to the Policy at Issue." The members of five syndicates are subscribed to the Policy.[2]

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

---

[1] Doc. 1, ¶ ¶ 5-8.
[2] Defendants' exhibit B.

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## LAW AND ANALYSIS

Defendant moves to dismiss this lawsuit on two (2) bases: (1) lack of subject matter jurisdiction, and (2) insufficient service of process.

*Subject matter jurisdiction*

Pursuant to 28 U.S.C. § 1332(a), for federal diversity jurisdiction to attach, the parties must be completely diverse and meet the jurisdictional amount in controversy of $75,000.00. *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed*

*Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017) (citing *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014)). The party seeking to invoke the Court's jurisdiction bears the burden of proving the existence of federal jurisdiction. *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1258–59 (5th Cir.1988). Failure to properly allege diversity jurisdiction mandates dismissal. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) (citing *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975)). Defendant argues that Plaintiff cannot meet this burden because the amounts sought against various individual members subscribing to the insurance policy at issue do not exceed the jurisdictional minimum required by 28 U.S.C. § 1332(a).

Courts in the Fifth Circuit and various other courts have recognized that diversity jurisdiction is destroyed if the plaintiff cannot prove it has a claim against each Name subscribing to the subject policy that equals or exceeds $75,000.00. See, e.g., *Team One Properties LLC v. Certain Underwriters at Lloyds London*, 281 Fed.Appx. 323, *1 (5th Cir.2008); *Rips, LLC v. Underwriters at Lloyd's London*, 2015 WL 2452339, at *1 (E.D. La. May 21, 2015) (holding the Court lacked subject matter jurisdiction under 28 U.S.C. § 1332 because claims against individual members cannot be aggregated and the complaint did not plead that the $75,000 jurisdictional minimum was met for each Name); *G&M Holding, Inc. v. Certain Underwriters at Lloyd's of London*, 2008 WL 215842, at *2 (E.D. La. Jan. 23, 2008) (holding that diversity jurisdiction had not been established when the amount in controversy was not met as to all Names sued under the policy); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F. 3d 925, 933 (2d Cir. 1998) (noting, as

severally liable defendants, that each Name would still have to satisfy the jurisdictional minimum required by 28 U.S.C. § 1332); *BIG League Ventures, LLC v. Certain Underwriters at Lloyd's, London*, 474 F. Supp. 3d 1279, 1284 (S.D. Fla. 2020). ("When addressing the marketplace structure of Lloyd's, various courts have recognized that diversity jurisdiction is destroyed if the plaintiff cannot prove it has a claim against each Name subscribing to the subject policy that equals or exceeds $75,000.00").

Plaintiff alleges the total Policy limit of $56,000 – $50,000 for dwelling, $5,000 for other structures, and $1,000 for additional living expenses,[3] which is confirmed by the Policy's Declarations.[4] To date, Defendants have paid a total of $3,156.67 on Plaintiff's Hurricane Delta claim: $1,714.51 for dwelling, $362.16 for other structures, and $1,080.00 for additional living expenses. Thus, the maximum contractual amount that Defendants can be liable for is $52,843.33, which does not exceed the $75,000 jurisdictional minimum.

Plaintiff is also seeking statutory penalties, attorney fees and other damages pursuant to Louisiana Revised Statutes § § 22:1973 and 22:1892. However, the Complaint does not allege the amount of such damages. Defendant argues that if each syndicate had only one member, the amount in controversy would have to be at least $375,000 ($75,000 X 5).  Thus, Defendant maintains that considering that the policy limits are $56,000, there is no reasonable possibility that the amount in controversy exceeds the jurisdiction minimum.

[3] Doc. 1, ¶ 6.
[4] Defendant's exhibit A.

The Court finds that based on Defendant's arguments and the lack of Plaintiff's response to the contrary, Plaintiff has not established that the amount in controversy exceeds the jurisdictional minimum for each Defendant.  Consequently, the Court lacks jurisdiction.

## CONCLUSION

For the reasons set forth herein, the Court will grant Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Insufficient Service of Process (Doc. 5) filed by Defendants, Certain Underwriters at Lloyd's, London, Subscribing to certificate Number LD606857-01, pursuant to Federal Rules of Civil Procedure 12(b)(1) and dismiss this action without prejudice.  Because the Court finds that it lacks subject matter jurisdiction, it is unnecessary to address Defendant's motion to dismiss for insufficient service of process.

**THUS DONE AND SIGNED** in Chamber on this 6th day of March, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**